## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**RONALD MCINTYRE**                                    **CIVIL ACTION**

**VERSUS**                                                      **CASE NO. 15-282**

**DAVID GILMORE, et al.**                          **SECTION: "G"(1)**

### ORDER

Before the Court is Defendant Sieglinde Chambliss' ("Chambliss") "Special Motion to Strike, Motion to Dismiss, or, Alternatively, Motion for Summary Judgment,"[1] wherein Chambliss requests that this Court dismiss McIntyre's complaint and award her attorneys' fees and costs. Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the date set for hearing on the motion. No memorandum in opposition to the pending motion, which was set for hearing on April 29, 2015, was submitted, timely or otherwise. Accordingly, this motion is deemed unopposed. District courts may grant an unopposed motion as long as the motion has merit.[2]

### I. Background

In his complaint, Plaintiff Ronald McIntyre, proceeding *pro se*, alleges that Defendants Chambiss and David Gilmore ("Gilmore")[3] made defamatory statements regarding his work and dismissal as Director of the Finance Department at the Housing Authority of New Orleans ("HANO"). Specifically, McIntyre alleges as follows:

---

[1] Rec. Doc. 9.

[2] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

[3] Gilmore is not a party to the pending motion.

On or about January 28, 2014[,] David Gilmore and Sieglinde Chambliss created a letter entitled "Supplement to January 16, 2014 Termination Letter" on the letterhead of the Housing Authority of New Orleans. The letter contains a paragraph which reads:

During the period in which you were on administrative leave I  hired a Chief Financial Officer conducted [sic] a thorough review of the status of the department's management. That review is on-going [sic] but significant findings have already emerged sufficient to conclude that your performance as Finance Director was grossly unsatisfactory. Within the next several weeks a report will be completed that will fully document that your mismanagement of the department was excessive. Had I known what I now know, your unsatisfactory performance would have been sufficient to terminate your employment even without the investigation into your conduct. Because you were successful in masking your deficient performance, we will now have to undertake time-consuming and costly corrective action.

The letter also contains paragraphs which references [sic] the plaintiff misrepresented his credentials regarding his education on his resume and the plaintiff acted inappropriately toward a female employee as determined by an independent investigation.[4]

McIntyre additionally alleges that Chambliss "has further stated untrue statements to staff members which is [sic] false and critical of the plaintiff's work performance at the Housing Authority of New Orleans."[5] Moreover, McIntyre  states that Chambliss and Gilmore are "jointly, severally and as co-conspirators" liable for "the torts of defamation, libel, slander, and/or false light invasion of privacy."[6]  Accordingly, it appears that McIntyre alleges causes of action against Chambliss and Gilmore for defamation, false light invasion of privacy, and conspiracy.

## II. Applicable Law

The pending motion is a special motion to strike pursuant to Article 971 of the Louisiana

---

[4] Rec. Doc. 1 at ¶¶ 5–6.

[5] *Id.* at ¶ 7.

[6] *Id.* at ¶ 18.

Code of Civil Procedure, Louisiana's "anti-SLAPP" statute."[7]  Article 971 was enacted in 1999 upon a legislative finding that "there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for redress of grievances."[8] These lawsuits are commonly referred to as "strategic lawsuits against public participation," or more succinctly "SLAPPs." Consequently, legislative enactments designed to combat these lawsuits and to encourage public participation in matters of public significance have been dubbed "anti-SLAPP" statutes.

Article 971 provides, in relevant part, as follows:

A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim.[9]

The Fifth Circuit has stated that "Article 971 establishes a burden-shifting analysis for weeding out frivolous claims."[10]  To succeed on an Article 971 motion, the defendant must first make a *prima facie* showing that Article 971 covers the activity underlying the suit. That is, the defendant must "establish[ ] that a cause of action against him arises from an act by him in furtherance of the exercise of his right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue."[11]  If the defendant makes this showing, "the burden then shifts to

---

[7] See *Louisiana Crisis Assistance Ctr. v. Marzano-Lesnevich*, 878 F. Supp. 2d 662, 670 (E.D. La. 2012) (Barbier, J.).

[8] *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 169 (5th Cir. 2009) (citing *Thomas v. City of Monroe*, 833 So.2d 1282, 1286 (La.App. 2d Cir. 2002)).

[9] La. Code Civ. P. art. 971(A)(1).

[10] *Henry*, 566 F.3d at 170.

[11] *Starr v. Boudreaux*, 978 So.2d 384, 388–89 (La.App. 1st Cir. 2007).

the plaintiff to demonstrate a probability of success on his claim."[12]  If the plaintiff fails to demonstrate a probability of success on the merits, then the challenged claim will be dismissed, and the prevailing defendant will be entitled to recover attorneys' fees and costs.[13]

### III. Analysis

**A.**    ***Defamation Claim***

Chambliss argues that the speech at issue in this lawsuit is protected by Article 971 because it involves issues of public significance and concern.[14] She alleges that McIntyre's dismissal and alleged "gross and extensive mismanagement" of the HANO Finance Department, and falsification of his credentials, are matters of public interest for several reasons. First, Chambliss contends that Louisiana courts have found that speech related to a dispute between private parties may present a matter of public concern subject to the protections of the Anti-SLAAP statute where the dispute receives press coverage.[15] Here, according to Chambliss, McIntyre's grievances against HANO have received press coverage, thus elevating it to a matter of public interest. Chambliss submits an article from the website www.Nola.com which discusses a hostile work environment lawsuit brought by McIntyre against Gilmore related to his period of employment at HANO.[16] Chambliss additionally argues that the speech targeted by McIntyre's defamation claim is speech between public employees relating to important federally funded programming, and that HANO's operations, including those

---

[12]  *Id.* at 389.

[13]  La. Code Civ. P. art. 971(B).

[14]  Rec. Doc. 9-1 at p. 5.

[15]  *Id.* (citing *Kirksey v. New Orleans Jazz & Heritage Found., Inc.*, 116 So. 3d 664, 669 (La. App. 4 Cir. 2013)).

[16]  *Id.* (citing Rec. Doc. 9-11).

of its Finance Department, are of great concern to the public.[17]

The United States Supreme Court described speech on matters of public concern as speech "relating to any matter of political, social, or other concern to the community."[18]   Here, HANO is a public housing authority  that administers federal programming and funding, and HANO's operations, including the operations of the finance department, have been the subject of media coverage.[19]  Additionally, McIntyre's termination  has been reported by the news  media.[20] Moreover, the speech at issue is alleged speech by two public officials – HANO's former administrative receiver and its current Chief Financial Officer – about the alleged mismanagement of HANO's finance department  and McIntyre's dismissal from his position as Chief Financial Officer of that department. Accordingly,  the Court finds that Chambliss has made a *prima facie* showing that the cause of action against her arises out of an exercise of First Amendment rights in connection with a public issue.[21]

Because Chambliss has made a *prima facie* showing, the burden shifts to McIntyre to demonstrate a probability of success on the claims alleged.  A plaintiff contesting an Article 971 motion must show a probability that he will be able to establish all of the elements of his tort claim.[22] "To establish a probability of prevailing on his claim, a plaintiff must state and substantiate a legally

---

[17] *Id.* at pp. 7–8.

[18] *Connick v. Myers*, 461 U.S. 138, 146 (1983).

[19] *See* Rec. Doc. 9-11.

[20] *Id.*

[21] *See, e.g.*, *Kirskey*, 116 So. 3d at 669 (finding that "the underlying lawsuit involves a matter of public concern as the Jazz Festival is one of the premier entertainment events each year in the City of New Orleans, contributing millions of dollars each year to the City's economy").

[22] *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 181 (5th Cir. 2009) (citation omitted).

sufficient claim. This is done through a prima facie showing of facts sufficient to sustain a favorable judgment."[23] This requires more than that which is necessary to survive a normal motion to dismiss, as "a defamation plaintiff must produce evidence of sufficient quality and quantity to demonstrate that he will be able to meet his burden of proof at trial."[24]  As one Louisiana court has noted, establishing a probability of success is a "difficult burden" that is justified because "the necessity of protecting our constitutional rights of free speech and petition, particularly when exercised in relation to public issues or matters of public interest, requires the imposition of this burden on a plaintiff who brings a defamation action impacting these rights."[25]

The elements of defamation under Louisiana law are: "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury."[26]

As stated above, McIntyre has not opposed the pending motion, nor has he requested  any limited  discovery, as allowed by court order pursuant to Article 971, to muster sufficient evidence to defeat Chambliss' motion.[27] Accordingly, the only evidence in the record from which the Court can make its determination is the complaint itself. Based on the complaint, the Court finds that McIntyre has not established a probability of success on at least three essential elements of his defamation claim. First, McIntyre has not pled facts, let alone provided evidence, supporting his

---

[23] *Id.*

[24] *Estiverne v. Times–Picayune, L.L.C.*, 950 So.2d 858, 860 (La. App. 4th Cir. 2006) (quotation marks omitted).

[25] *Henry*, 566 F.3d at 182 (citing  *Baxter v. Scott*, 847 So.2d 225, 235 (La. App. 2d Cir.), vacated as moot, 860 So.2d 535 (La. 2003)).

[26] *Kennedy v. Sheriff of E. Baton Rouge*, 935 So.2d 669, 674 (La. 2006).

[27] *See Henry*, 566 F.3d at 182.

conclusory allegation that the letter contained false statements.[28] Second, he does not allege that the letter at issue was "published" or communicated to anyone other than McIntyre himself.  Third, he has not alleged any resulting injury. McIntyre alleges general mental anguish and harm to his reputation, and states that he "will most probably be denied business opportunities and further advancement in his career."[29] However, the record reveals no evidence to substantiate any of these claims, as required under the Article 971 analysis.[30]

With respect to the alleged oral statements made by Chambliss "to staff members,"[31] McIntyre has failed to make the required demonstration of the evidentiary strength of his claim because he has not alleged the content of the statements, when they were made, or to whom they were communicated.[32] His conclusory allegations do not state a claim upon which relief may be granted, let alone satisfy his "difficult burden" of establishing a probability of success on his claim.[33] For these reasons, McIntyre has failed to meet his burden under Article 971 with respect to his defamation claim.[34]

---

[28] *See* Rec. Doc. 1.

[29] Rec. Doc. 1 at ¶ 11.

[30] *See Kirksey v. New Orleans Jazz & Heritage Found., Inc.*, 116 So.3d 664, 671 (La.App. 4 Cir. 2/27/13, 11) (applying Article 971 and dismissing plaintiff's defamation claim where plaintiff alleged that he suffered injury to his professional reputation, personal humiliation, embarrassment, mental anguish, loss of employment and economic loss, but provided no evidence to substantiate any of these claims).

[31] Rec. Doc. 1 at ¶ 7.

[32] *See Bell v. Rogers*,  698 So.2d 749, 757 (La.App. 2 Cir. 8/20/97, 12) (concluding that the plaintiff failed to demonstrate the evidentiary strength of her defamation claims where she made no showing of what was communicated, to whom, and whether the statements would have an objectively defamatory meaning).

[33] *See Estiverne*, 950 So.2d at 860.

[34] Because the Court finds that McIntyre has failed to satisfy his burden of demonstrating that he has a "provable" claim, the Court need not discuss whether Chambliss' asserted qualified privilege defense is applicable in this case.

**B.      *False Light Invasion of Privacy Claim***

McIntyre alleges in his complaint that Gilmore and Chambliss' actions constitute "false light invasion of privacy."[35] He alleges that defendants:

> are solidarily liable unto plaintiff for damages that are reasonable in the premises arising as a direct and proximate result of defendant's intentionally, with malice and/or reckless disregard for the truth of their assertions and without probable cause, subjecting plaintiff to humiliation that unreasonably places the plaintiff in a false light before the public by falsely insinuating and telling fellow employees false information regarding the plaintiffs work and accomplishments for the purpose of subjecting plaintiff to scorn, ridicule and/or disdain among his friends and peers, including but not limited to the financial community within the State of Louisiana.[36]

False light invasion of privacy claims are subject to the Anti-SLAPP statute where the claim arises from speech related to an issue of public concern.[37]  Applying the Article 971 analysis to McIntyre's false light invasion of privacy claim, the Court finds that Chambliss has made a *prima facie* showing that the speech at issue is a matter of public concern for the reasons stated above with respect to McIntyre's defamation claim.

The burden therefore shifts to McIntyre to demonstrate a probability of success on his claim.[38]  To succeed on a claim for false light invasion of privacy, the plaintiff must demonstrate (1) a privacy interest; (2) falsity; and (3) unreasonable conduct.[39]  An actionable invasion of privacy occurs only when the defendant's conduct is unreasonable and seriously interferes with the

---

[35] Rec. Doc. 1 at ¶ 18.

[36] *Id.* at ¶ 17.

[37] *See Darden v. Smith*, 879 So.2d 390, 395  (La.App. 3 Cir. 6/30/04, 6); 879 So.2d 390, 395 *writ denied*  887 So.2d 480  (La. 11/15/04) (finding that Article 971 is not limited to a cause of action in defamation).

[38] *See Estiverne*, 950 So.2d at 860.

[39] *Kirksey*, 116 So. 3d at 671.

plaintiff's privacy interest.[40]

As stated above with respect to his defamation claim, McIntyre has failed to plead facts or adduce evidence demonstrating that the speech at issue contained false statements. Similarly, he has failed to allege with requisite specificity that Chambliss' alleged conduct was unreasonable or that it seriously interfered with his privacy interest.  Therefore, as with his defamation claim, McIntyre cannot carry his burden to prove false light invasion of privacy because he has not stated any facts to corroborate his claim.[41]

## C.     *Conspiracy Claim*

To prevail on a claim of civil conspiracy, plaintiff must prove "that an agreement existed to commit an illegal or tortious act which resulted in the plaintiff's injury."[42]  The plaintiff must prove "that there was an agreement as to the intended outcome or result."[43] The actionable element in a conspiracy claim "is not the conspiracy itself, but rather the tort which the conspirators agreed to perpetrate and which they actually did commit in whole or in part."[44] If the defendant is innocent of the claims of defamation, there can be no defamation conspiracy.[45] As noted above, McIntyre cannot sustain a  cause of action for defamation or false light invasion of privacy. Since he cannot

---

[40] *Smith v. Arkansas Louisiana Gas Co.*, 645 So.2d 785, 790  (La.App. 2 Cir. 10/26/94, 9); writ denied, 650 So.2d 1179 (La. 3/10/95).

[41] Since McIntyre has failed to establish a probability of success with respect to his defamation or false light invasion of privacy claims, the Court need not

[42] *Butz v. Lynch*, 710 So.2d 1171, 1174 (La. Ct. App. 1998).

[43] *Id.*

[44] *Id.*; *see also Aranyosi v. Delchamps, Inc.*, 739 So.2d 911, 917 (La. Ct. App. 1999) (same).

[45] *See Aranyosi,* 739 So.2d at 917.

establish the substantive offense, he cannot maintain a cause of action for conspiracy.[46] Accordingly, his conspiracy claim must be dismissed.

### D.    Attorneys' Fees

Article 971(B) provides that "[i]n any action subject to Paragraph A of this Article, a prevailing party on a special motion to strike shall be awarded reasonable attorney fees and costs." Courts applying this provision have determined that, under Article 971(B), a prevailing party may only recover attorneys' fees associated with the motion to strike, but not fees associated with defending the entire lawsuit.[47] Chambliss has requested fees and costs pursuant to Article 971(B), but she has not provided a calculation of those fees or any billing or lodestar information which reflect the time spent for defense counsel's work associated with the motion to strike. Accordingly, the Court will grant Chambliss ten working days from the date of this Order to provide the Court with a calculation of attorneys' fees and costs associated with this motion, as well as  supplemental briefing indicating the reasonable number of hours expended on work related to this motion, the

---

[46] *See id.*

[47] *See Henry v. Lake Charles Am. Press, L.L.C.*,  2009 WL 3834940, at *1 (W.D. La. Nov. 12, 2009) (citing *Delta Chem. Corp. v.. Lynch, et al*,  979 So.2d 579, 588 (La. App. 4 Cir. 2/27/08) (reversing and remanded an award of attorney's fees because the award provided attorney's fees for all aspects of the case)).

specific tasks undertaken and time spent on each task, and the reasonable hourly rate charged by her attorneys.

### IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Sieglinde Chambliss' "Special Motion to Strike, Motion to Dismiss, or, Alternatively, Motion for Summary Judgment"[48] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff Ronald McIntyre's complaint against Chambliss is **DISMISSED.**

**IT IS FURTHER ORDERED** that Chambliss provide the Court with a calculation of attorneys' fees and costs associated with this motion, as well as detailed lodestar documentation supporting that calculation, within ten working days from the date of this Order.

**NEW ORLEANS, LOUISIANA**, this __13th__ day of May, 2015.

*Nannette Jolivette Brown*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[48] Rec. Doc. 9.

11