# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RONALD MCINTYRE | CIVIL ACTION |
| VERSUS | CASE NO. 15-282 |
| DAVID GILMORE, et al. | SECTION: "G"(1) |

## ORDER

Before the Court is Defendant Sieglinde Chambliss's ("Chambliss") "Motion to Fix Attorney's Fees and Costs."[1] Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the date set for hearing on the motion. No opposition to the pending motion, which was set for hearing on June 24, 2015, was submitted, timely or otherwise. Accordingly, this motion is deemed unopposed. District courts may grant an unopposed motion as long as the motion has merit.[2]

## I. Background

On May 13, 2015, the Court granted Chambliss's "Special Motion To Strike, Motion To Dismiss Or, Alternatively, Motion For Summary Judgment" ("Article 971 Motion")[3] and dismissed all of Plaintiff Ronald McIntyre's ("Plaintiff") causes of action against her.[4] The Court additionally granted Chambliss attorney's fees and costs pursuant to Code of Civil Procedure article 971(B), which provides that "[i]n any action subject to Paragraph A of this Article, a prevailing party on a special motion to strike shall be awarded reasonable attorney fees and costs." Courts applying this

---

[1] Rec. Doc. 15.

[2] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

[3] Rec. Doc. 9.

[4] Rec. Doc. 13.

1

provision have determined that, under Article 971(B), a prevailing party may only recover attorneys' fees associated with the motion to strike, but not fees associated with defending the entire lawsuit.[5] Accordingly, the Court ordered Chambliss to provide the Court with a calculation of attorney's fees and costs associated with the preparation of her Article 971 Motion.

## II. Law and Analysis

"Determining a reasonable attorney's fee is a matter that is committed to the sound discretion of a trial judge, . . . but the judge's discretion is not unlimited."[6] The burden is on the plaintiff to demonstrate the amount of attorney's fees, including any adjustment or enhancement.[7] "A fee applicant seeking an enhancement must produce specific evidence that supports the award."[8] A court abuses its discretion when it awards attorney's fees without "a reasonably specific explanation for all aspects of a fee determination, including any award of an enhancement."[9]

Courts in the Fifth Circuit engage in a two-step process to assess attorney's fees. First, a lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work.[10] "[T]here is a strong presumption that the lodestar figure is reasonable."[11] However, after calculating the lodestar, a district court may decrease or

---

[5] *See Henry v. Lake Charles Am. Press, L.L.C.*, 2009 WL 3834940, at *1 (W.D. La. Nov. 12, 2009) (citing *Delta Chem. Corp. v.. Lynch, et al*, 979 So.2d 579, 588 (La. App. 4 Cir. 2/27/08) (reversing and remanding an award of attorney's fees because the award provided attorney's fees for all aspects of the case)).

[6] *Perdue v. Kenny A. ex. rel. Winn,* 559 U.S. 542, 558 (2010).

[7] *Jackson v. Host Int'l, Inc.*, 426 F. App'x 215, 225 (5th Cir. 2011).

[8] *Perdue,* 559 U.S. at 543.

[9] *Id.* at 558.

[10] *Id.*

[11] *Id.* at 553-54.

2

enhance the amount of attorney's fees "based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*"[12] The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar award already took that factor into account. Such reconsideration is impermissible double-counting.[13]

## A.   *Calculating a Reasonable Hourly Rate*

The first step in calculating the lodestar amount is determining the reasonable hourly rate. In the Fifth Circuit, a reasonable hourly rate is derived by "consider[ing] the attorneys' regular rates as well as prevailing market rates."[14] When an attorney's billing rate is not contested, it is *prima facie* reasonable.[15] The district court's "determination of a 'reasonable hourly rate' is a finding of fact . . . reviewable under the clearly-erroneous rubric."[16]

Here, Chambliss seeks to recover fees for services provided by attorneys at the law firm of Stone Pigman Walther Wittmann, L.L.C. ("Stone Pigman") in New Orleans, Louisiana. Chambliss contends that her defense against this lawsuit was handled by Rachel W. Wisdom ("Wisdom"), a

---

[12] Traditionally, courts have considered the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) when calculating attorney's fees. In *Perdue v. Kenny A. ex. rel. Winn,* 559 U.S. 542, 550-551 (2010), the Supreme Court noted that the *Johnson* factors were "[o]ne possible method" for determining reasonable attorney's fees, but that the factors "gave very little actual guidance to district courts. Setting attorney's fees by reference to a series of sometimes subjective factors placed unlimited discretion in trial judges and produced disparate results." Since *Perdue*, however, the Fifth Circuit and the Eastern District of Louisiana have continued to weigh the *Johnson* factors when considering whether to decrease or enhance the lodestar in attorney's fee cases. *See, e.g., Ransom v. M. Patel Enterprises, Inc.*, 734 F.3d 377, 388 (5th Cir. 2013); *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013); *Altier v. Worley Catastrophe Response, LLC*, No. 11-241, 2012 WL 161824 at *22 (E.D. La. Jan. 18, 2012). Accordingly, this Court does the same. *See Ahmed v. Brothers Food Mart, et al.*, No. 13-5948, Rec. Doc. 33 (E.D. La. Sept. 12, 2014).

[13] *Saizan v. Delta Concrete Products Co.,* 448 F.3d 795, 800 (5th Cir. 2006) (citation omitted).

[14] *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995).

[15] *Id.*

[16] *Islamic Ctr. of Miss. v. City of Starkville, Miss.*, 876 F.2d 465, 468 (5th Cir. 1989).

partner with more than 24 years of experience, and Lesli D. Harris ("Harris"), a partner with more than 11 years of experience.[17] Chambliss contends that both Wisdom and Harris charged an hourly rate of $250 in this matter. Attached to the pending motion is a declaration from Harris, wherein she attests to defense counsel's skill and competence and to the correctness of the invoices that were generated in this matter. Additionally, the declaration states that the rates charged by Harris and Wisdom in this matter are discounted from their customary hourly rates of $350 and $450, respectively.[18] Harris also attests that, to her knowledge, a rate of $250 per hour for partner time is reasonable for the New Orleans legal market according to the PricewaterhouseCoopers 2014 Rate Survey and Peer Monitor reports for February 2015.[19] No affidavits from other practitioners within the New Orleans area have been submitted.

A review of caselaw demonstrates that the hourly rates charged by defense counsel in this matter are consistent with rates approved by other courts in this district.[20] Considering that Harris and Wisdom have already discounted their standard billing rates, and that Plaintiff has not challenged the reasonableness of the rates charged by defense counsel, the Court finds that the rate of $250 per hour is reasonable for partners in the New Orleans legal market.

---

[17] Rec. Doc. 15-1 at p. 3.

[18] Rec. Doc. 15-2.

[19] *Id.* at p. 4.

[20] *See, e.g., Hornbeck Offshore Services, L.L.C. v. Salazar*, No. 10-1663, 2011 WL 2214765 at *8–9 (E.D. La. June 1, 2011) (Wilkinson, M.J.), *adopted in part and revised in part*, 2011 WL 2516907 (E.D. La. June 23, 2011) (Feldman, J.), *rev'd on other grounds*, 713 F.3d 787 (5th Cir. 2013) (finding hourly rates of $295 to $420 for partners and $180 to $195 for associates from the same local firm, while at the high end of rates in the New Orleans legal market, were reasonable given the facts of the case); *Ranger Steel Servs, LP v. Orleans Materials & Equip*, 2010 WL 3488236 (E.D. La. Aug. 27, 2010) (Barbier, J) (finding $360 for 2009 charges and $395 for 2010 charges to be reasonable local rates); *Johnson v. Big Lots Stores, Inc.,* 639 F. Supp. 2d 696, 701–02 (E.D. La. 2009) (Vance, J.) (finding hourly billing rates of $300 for partners, $225 for associates, and $75 for paralegals to be reasonable in a case brought under the Fair Labor Standards Act).

B.     *Calculating the Reasonable Hours Expended*

The Court must next determine the number of hours reasonably expended by defense counsel in connection with the Article 971 Motion. The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment."[21] Attorneys exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards.[22]

Chambliss contends that defense counsel expended a total of 55.7 hours in connection with the Article 971 Motion. Specifically, she states that Harris expended 41.2 hours and that Wisdom expended 14.5 hours as follows: (1) researching and drafting the Article 971 Motion and memorandum in support; (2) preparing declarations and other documents in support of the Article 971 Motion; (3) researching and drafting the pending Motion to Fix Attorneys' Fees and Costs and memorandum in support; and (4) preparing a declaration in support of Chambliss' request for attorney's fees and the reasonableness of the fees.[23]

In support of her calculation of reasonable hours expended by defense counsel, Chambliss submits detailed time records for both attorneys. The records reflect the date, time involved and nature of services performed.[24] These billing invoices are limited to defense counsel's work on the Article 971 Motion and the instant Motion to Fix Attorneys' Fees and Costs. Chambliss contends

---

[21] *Wegner v. Standard Ins. Co.,* 129 F.3d 814, 822 (5th Cir. 1997).

[22] *Id*. (citing *Walker v. United States Dep't of Housing & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996)).

[23] Rec. Doc. 15-1 at p. 3.

[24] Rec. Doc. 15-5, 15-6.

that the billing entries reflect the efficient staffing of this matter, in that the research and writing the Article 971 Motion was performed primarily by Harris, at a billing rate discounted from her standard rate, without duplication of effort. Chambliss also states that the hours reasonably expended are specifically justified by the novelty and difficulty of the issues addressed by the Article 971 Motion.

Having reviewed the detailed billing statements provided by Chambliss, and considering that Plaintiff has not opposed Chambliss's calculations, the Court finds that 55.7 hours is a reasonable calculation of time expended in connection with the Article 971 Motion. The Court finds it reasonable to award attorney's fees for defense counsel's work related to the preparation of the pending motion for fees, as it was associated with Chambliss's original motion to strike.[25] The Court also notes that Chambliss has not sought fees for the work of a third attorney, Kathryn M. Knight, who apparently also worked on the Article 971 Motion.[26] Based on the foregoing, the Court finds that Chambliss has exercised "billing judgment" with respect to the fees sought herein.

## C.    *Adjusting the Lodestar*

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson*.[27] To the extent that any

---

[25] *See Henry v. Lake Charles American Press*,, No. 06-1513, 2009 WL 3834940 (W.D. La. 2009) (Minaldi, J.) (awarding attorney's fees for defendants' preparation of an Article 971 motion to strike, as well as for a motion for reconsideration, a reply memorandum in support of reconsideration, and an appeal to the Fifth Circuit Court of Appeals, because the work was all associated with the defendants' original motion to strike).

[26] *See* Rec. Doc. 15-2 at p. 4; Rec. Doc. 15-1 at p. 5, n. 2.

[27] *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Johnson v. Georgia Highway Express, Inc.* 488 F.2d 714, 717-19 (5th Cir. 1974)). The Johnson factors are: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client;

*Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required.[28] In this case, neither party has requested a lodestar adjustment pursuant to the *Johnson* factors. Chambliss submits that several of the *Johnson* factors are already addressed in the above lodestar analysis, including the time and labor required, the novelty and difficulty of the issues, the skill required, the customary fee, and the experience, reputation, and ability of the attorneys.[29] Chambliss also states that other *Johnson* factors, such as whether the fee is fixed or contingent, the undesirability of the case, and the nature and length of the professional relationship with the client, are not applicable in this case.[30] Again, Plaintiff has not filed an opposition to the pending motion. The Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure here.

### III. Conclusion

For the reasons set forth above, this Court finds that defense counsel performed 55.7 hours of work at a rate of $250/hour, and incurred $5.88 in costs, for a total of $16,930.88. Accordingly,

**IT IS HEREBY ORDERED** that Chambliss's "Motion to Fix Attorney's Fees and Costs"[31] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this __8th__ day of July, 2015.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

and (12) awards in similar cases.

[28] *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998).

[29] *Id.* at p. 5.

[30] *Id.* at p. 6.

[31] Rec. Doc. 15.